STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

February 20, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DORA QUEEN, WIDOW OF NOLAN QUEEN,**
**Claimant Below, Petitioner**

**vs.)   No. 11-0871**  (BOR Appeal No. 2045318)
                              (Claim No. 770089565)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CONNORS STEEL COMPANY HUNTINGTON WORKS,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Dora Queen, by Robert Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 5, 2011, in which the Board affirmed an October 28, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 21, 2008, decision denying Ms. Queen's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Nolan Queen passed away on March 23, 2007. Mr. Queen received a permanent partial disability award for occupational pneumoconiosis during his life. His death certificate listed the immediate cause of death as chronic obstructive pulmonary disease with asbestosis and cigarette smoking as underlying causes, and other significant conditions were heart failure and atrial fibrillation. On May 21, 2008, the claims administrator denied Ms. Queen's request for dependent's benefits because occupational pneumoconiosis was not a contributing factor in the death of the decedent, relying on the Occupational Pneumoconiosis Board's findings of April 1, 2008.

The Office of Judges affirmed the claims administrator's Order, and concluded that the preponderance of the evidence established that occupational pneumoconiosis did not cause, nor materially contribute to the decedent's death. On appeal, Ms. Queen disagrees and asserts that the evidence, namely the reports of Drs. Gaziano and Rasmussen, establish that occupational pneumoconiosis was a material contributing factor in her husband's death and she is entitled to dependent's benefits. Both Drs. Gaziano and Rasmussen concluded that the decedent's occupational exposure was a material contributing factor in his death, however Dr. Rasmussen found that the respiratory disease was caused in significant part by cigarette smoking, and Dr. Gaziano also mentioned the smoking history. The Occupational Pneumoconiosis Board found that occupational pneumoconiosis was not a material contributing factor in the decedent's death.

In affirming the claims administrator's Order, the Office of Judges found that the Occupational Pneumoconiosis Board's findings and testimony were supported by a preponderance of the evidence. The Office of Judges noted that the Occupational Pneumoconiosis Board carefully considered all the evidence, and that the decedent had a significant smoking history. It further pointed out that Drs. Gaziano and Rasmussen had attributed pulmonary impairment to the significant smoking history. The Office of Judges concluded that the claims administrator correctly rejected Ms. Queen's request for dependent's benefits. The Board of Review reached the same reasoned conclusions in its decision of May 5, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **February 20, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin
Justice Margaret L. Workman